UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DENNIS E. ELLINGTON                                    :
                                                       :
           Petitioner,                     :
                                                       :           09 CIV 4539 (HB)
           -against-                      :
                                                       :           <u>OPINION&</u>
UNITED STATES OF AMERICA                               :             <u>ORDER</u>
                                                       :
           Respondent.                     :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge**[*]:

      Dennis E. Ellington ("Petitioner" or "Ellington") petitions this Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner claims that his guilty plea is invalid due to ineffective assistance of counsel. For the reasons set forth below, the petition is DENIED.

## I. BACKGROUND

      On January 11, 2008, before Magistrate Judge Kevin Nathaniel Fox, Petitioner pled guilty in accordance with a plea agreement to one count of unlawful possession of a firearm after a prior felony conviction, pursuant to 18 U.S.C. § 922(g)(1).[1] On April 24, 2008, this court sentenced Ellington to eighteen months imprisonment and two years of supervised release. *See United States v. Ellington*, No. 07 Cr. 947(HB) (S.D.N.Y.) (Docket No. 16). Petitioner was released from incarceration in February 2009. On April 19, 2009, Ellington filed a petition for writ of *habeas corpus,* claiming ineffective assistance of counsel in the guilty plea process.

      Ellington was a legal permanent resident, who originally immigrated to the United States from Jamaica in 1995. On April 22, 2009, an Immigration Judge ordered Ellington's removal from the United Sates based on the conviction of an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(E)(ii), and Petitioner was removed to Jamaica in September 2009.[2] Relevant to this

---

[*] Courtney Robbins, a second year law student at New York School of Law, and a 2009-2010 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.
[1] Petitioner was previously convicted in 2005 of criminal possession of a loaded firearm in the 3rd degree, pursuant to N.Y. Penal Law 265.02(4).
[2] Since his deportation, neither this Court nor the United States Attorney has had any contact from Petitioner.

petition but not considered in the removal proceedings, Petitioner's criminal history also includes eight prior state convictions for controlled substance offenses.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, relief is provided on the ground that a prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See Davis v. United States*, 417 U.S. 333, 344 (1974). The court will grant a petition if (1) the Petitioner's sentence was imposed in violation of the Constitution or law of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(b); *see also Rosario v. United States*, 625 F. Supp. 2d 123, 126 (S.D.N.Y. 2008). If any of these conditions are present, "the court shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate. § 2255(b).

## III. DISCUSSION

### A. PETITIONER'S CLAIM IS MOOT

In order for the federal court to have jurisdiction over a claim, the claim must satisfy the case-or-controversy requirement of Article III, Section 2 of the United States Constitution. If the petitioner's claim fails to satisfy this requirement, at any point during the litigation, the claim is moot. *See Kamagate v. Ashcroft,* 385 F.3d 144, 150 (2d Cir.2004)(citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A habeas petition is not necessarily mooted when the petitioner is released from custody; a collateral consequence of the conviction "may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." *Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002). In the context of a petitioner who has been removed from the United States, the necessary question is whether or not the conviction or sentence he challenges would impact his ability to return. Where a petitioner is "permanently barred from this country on a wholly separate ground," the challenged conviction "can have no meaningful effect on his admissibility and hence cannot serve as a possible collateral consequence." *Id.* at 126. Therefore, a habeas challenge from a deported petitioner is moot when "he is permanently inadmissible to the United States based on a conviction that is unrelated to the conviction being

challenged in his petition." *See Garcia v. United States*, Nos. 04 Cr. 83, 06 Civ. 3115, 2007 WL 4371671, at *3 (S.D.N.Y. Dec. 13, 2007) (collecting cases); *see also Perez*, 296 F.3d at 126.

Here, the petitioner's claim must fail because he is barred from reentry to the United States on wholly separate grounds from the conviction he challenges.  Ellington challenges the assistance of counsel in his guilty plea for violation of 18 U.S.C. § 922(g)(1).  Even if I were to find in favor of the petitioner, he would still be ineligible to reenter the United States.  Under 8 U.S.C. § 1182(a)(2)(A)(i)(II), the petitioner is inadmissible to return to the United States due to his state convictions for controlled substance offenses.[3]  Indeed, while it is perhaps unfortunate that this relatively minor conviction triggered Ellington's removal proceedings, his previous controlled convictions as well as his prior state firearm conviction were each independently sufficient to trigger removal proceedings against Petitioner.  *See* 8 U.S.C. § 1227(a)(2)(B)-(C). Finally, Ellington could not seek a cancellation of his removal if the challenged conviction was overturned.  He does not qualify for the requisite seven years of continuous residence, because his prior state convictions disrupt the continuous period and render him ineligible.  *See* 8 U.S.C. § 1229b(a)(2), (d)(1)(B) (any period of continuous residence "deemed to end…when the alien has committed an offense" that renders the person removable or inadmissible to return).  In other words, Petitioner could have been removed and can no longer return solely because of his prior state convictions.  As such, any relief sought in this habeas petition would not redress the collateral consequence he seeks to have remedied.  *See Goris v. Payant,* No. 07 Civ. 7176, 2008 WL 237071, at *2 (S.D.N.Y. Jan. 25, 2008) (*habeas* petition moot because prior state drug conviction "provides an independent basis for his deportation and also renders him permanently inadmissible to the United States.") (internal quotations omitted); *Garcia*, 2007 WL 4371671, at *3 (petition moot where petitioner inadmissible due to independent aggravated felony conviction); *see also United States v. Williams*, 475 F.3d 468, 479 n.6 (2d Cir. 2007) (defendant's appeal moot because inadmissible to United States due to prior drug conviction and chance of legal return was "quixotic"); *United States v. Mercurris*, 192 F.3d 290, 294 (2d Cir. 1999) (same).   Since the current challenge will not effect petitioner's admissibility to the United States, there are no surviving collateral consequences from the federal firearm conviction and petitioner's claim must be dismissed as moot.

---

[3] Nor is he subject to statutory exceptions to this ineligibility, as he has committed more than one crime.  *See* § 1182(a)(2)(A)(ii).

### B. PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM OTHERWISE FAILS

Even if Ellington's petition was not moot, his claim of ineffective assistance of counsel would still fail.  To establish ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms" and that he was prejudiced by his counsel's deficient representation.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Brown v. Greene*, 577 F.3d 107, 118 (2d Cir. 2009).  There is a strong presumption that counsel's conduct falls within the range of professional assistance.  *See Strickland*, 466 U.S. at 689.  Prejudice is shown if, but for the deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different.  *Wiggins*, 539 U.S. at 534. "Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea…to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty."  *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *United States v. Couto,* 311 F.3d 179, 187 (2d Cir. 2002); *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)).  To establish prejudice where he has pled guilty, a petitioner must show by a reasonable probability that, but-for counsel's advice, petitioner would not have accepted the guilty plea and instead would have gone to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005).

Petitioner claims that his guilty plea was not knowing and voluntary because of his alleged diminished capacity.  Specifically, in a letter submitted to this Court in support of the petition, Ellington stated that his attorney took advantage of his reading disability, which kept him from understanding the full extent of the consequences of his plea, including his ultimate deportation.  In a very recent decision, the Supreme Court held that a counsel's performance is deficient if she fails to inform her client that a guilty plea carries a risk of deportation.  *See Padilla v. Kentucky*, No. 08 Civ. 651, 2010 WL 1222274, at *11 (Mar. 31, 2010).  "When the law is not succinct and straightforward…a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences…But when the deportation consequence is truly clear…the duty to give correct advice is equally clear."  *Id.* at *8.  Petitioner claims that, due to his reading disability, he was unaware that a guilty plea would lead to his deportation.  While he does not directly claim he

4

advice is equally clear." *Id.* at *8. Petitioner claims that, due to his reading disability, he was unaware that a guilty plea would lead to his deportation. While he does not directly claim he was never informed of this possibility by counsel, he at least indicates that he was not properly made aware of it given his deficient literacy skills.

This court need not determine whether counsel's performance fell below the objective standard of reasonableness as elucidated by *Padilla*, however, since petitioner cannot establish prejudice under the second prong of *Strickland*. At Ellington's plea allocution, Magistrate Judge Fox specifically asked Petitioner, "Do you recognize that your plea of guilty to the offense outlined in the indictment may affect your ability to remain within the United States?" to which Ellington responded, "Yes, sir." Plea Allocation Tr. 6:6-8 (Jan. 11, 2008). As such, whether counsel failed to inform him of the potential immigration consequences of the guilty plea, or simply failed to orally explain the consequences given Ellington's literacy issues, is of no consequence since Judge Fox explained the issue in open court. Even if Ellington's petition was not moot on account of his ineligibility to return to the United States due to separate criminal convictions, his claim of ineffective assistance would still fail because he has not shown sufficient prejudice.

### IV. CONCLUSION

For the foregoing reasons, Petitioner Ellington's motion is DENIED. A certificate of appealability will not issue because Petitioner has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253. The Clerk of Court is instructed to close this case and any open motions and remove it from my docket.

SO ORDERED
April 20, 2010
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.